No. 24070.

In the Matter of the Estate of James B. Maytag, Deceased, Cornelia H. Maytag and The First National Bank of Colorado Springs, Executors of the Estate of James B. Maytag, and Trustees appointed by Will of James B. Maytag *v.* William A. Baker, Guardian Ad Litem appointed to represent the interests of Decedent's Minor Children, Lynn Maytag, James B. Maytag, Jr., and Nancy Maytag.

(485 P.2d 730)

Decided June 7, 1971.

Morrato, Gueck & Colantuono, Jay L. Gueck, Winner, Berge, Martin and Clark, for plaintiffs in error.

Murray, Baker & Wendelken, William A. Baker, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

INVOLVED here is the construction of the last will and testament of James B. Maytag, deceased, in order to determine the funds from which federal estate tax is to be paid. In the original presentation to us, the decedent's widow and the bank (the plaintiffs in error), as executors and trustees, urged a construction under which all of the tax would be paid from property passing to the decedent's minor children (the defendants in error). On cross-error it was and still is urged on behalf of the children that the tax should be paid out of the residue of the estate prior to any division thereof and that the widow take one-half and the children have the other half of the residue. This would result in the widow paying one-half and the children the other half of the tax. The trial court adopted a construction somewhat in between the positions of the parties: that the tax be paid first out of the portion of the residue designated for the children and, after exhaustion of this portion, out of the share of the residue given to the widow.

By a 4 to 3 opinion announced on May 20, 1970, we adopted the construction sought by the children. The plaintiffs in error then filed a petition for rehearing in which they abandoned their original position and took the rather anomalous position that the judgment of the district court should be *affirmed.* We granted this petition and have been favored with further briefs and oral argument. We now adopt the subsequent construction sought by the executors, withdraw our earlier opinion, and affirm.

In 1944, the decedent's father established *inter vivos* trusts over which the decedent was given testamentary powers of appointment. The decedent executed his last will and testament on February 16, 1954, by which he exercised the powers. The will was admitted to probate

on January 3, 1964. Apparently, the decedent and his counsel thought that the property of the *inter vivos* trusts would not be included in the decedent's gross estate for federal estate tax purposes. However, the Internal Revenue Service has taken a position that, since the *inter vivos* trusts could have been terminated by the trustees thereof in favor of the decedent under circumstances described by the executors as "exceptional," the decedent, therefore, possessed a general power of appointment during his lifetime; and the entire corpus of the trust (offset by any increase in marital deduction) was includable in the gross estate. This position is being contested. If the Internal Revenue Service prevails, the federal estate tax will be far greater than would otherwise be the case.

We are informed that the tax claimed by the Internal Revenue Service is greater than the value of the property which, except for the tax, would pass to the children under the residuary provisions, but less than the value of the entire residue.

In its first two paragraphs the will contains a specific devise of the testator's residence to the testator's wife and makes specific bequests to her and the children. Paragraph Third appoints the *inter vivos* trust one-half to the testator's wife and the other half to the trust established by the will for the benefit of the children. Paragraph Fourth commences as follows:

"FOURTH: All the rest, residue and remainder of my property, of whatsoever kind and wheresoever situated, including any property over which I may have any power or powers of appointment, other than those referred to in Paragraph THIRD, I give, devise, bequeath and appoint as follows:

"(A) An amount equal to fifty (50%) per cent of the value of my adjusted gross estate as finally determined for federal estate tax purposes, less the aggregate amount of marital deductions, if any, allowed by reason of any interest in property passing under any other provision

of this my Will and by reason of any interest in property which may have passed or which passes upon my death to my wife other than under the provisions of this my Will to my Trustees, hereinafter named, IN TRUST, NEVERTHELESS, for the following uses and purposes:" Paragraph Fourth (A) then provides that all the income should be paid to the wife; that the wife may receive any portion or all of the principal of the trust upon request; that the wife has a testamentary power of appointment; and that, if she fails to appoint, then the trust property shall pass to the children. It continues as follows:

"It is my intention that the provisions of this Paragraph FOURTH (A) shall comply in all respects with the provisions of subsection (e) of Section 812 of the Internal Revenue Code relating to the marital deduction and all of the provisions of this my Will shall be construed so as to give full effect to such intention. Without limitation of the foregoing, I direct that no assets shall be used to create the trust under this Paragraph FOURTH which will not qualify for said marital deduction and that the term "income" as used in this Paragraph FOURTH shall have the same meaning as in said subsection (e) of Section 812 of the Internal Revenue Code. Furthermore, all of the provisions of this my Will, including without limitation any and all provisions relating to the powers of my Executors and/or Trustees, shall be construed in subordination to my intention as herein expressed. I further direct that if the effect of any of the provisions of this my Will would be to disqualify any interest in property passing to my said wife under this Paragraph FOURTH for said marital deduction then this Will shall be construed and shall take effect in like manner as if said provision or provisions were not applicable to any such interest.

"(B) The balance of my residuary estate to my Trustees hereinafter named, IN TRUST, NEVERTHELESS, for the following uses and purposes:

"To. divide the same into as many shares as there are children of mine living at the time of my death. As to each share, I direct my Trustees:"

Paragraph Fourth (B) then contains provisions for administration of the trusts created for the benefit of the children:

With respect to taxes, the will states:

"ELEVENTH: I direct that all estate, transfer, inheritance or succession taxes, whether federal or state or otherwise, including any and all interest and penalties assessed thereon, payable on any property which is devised and bequeathed under the provisions of this my Will or any other property which shall constitute a taxable part of my estate shall be paid out of the principal of my residuary estate before the division of the same into any shares."

As already indicated, the trial court ruled that property passing under Paragraph Fourth (B) should be applied to the payment of taxes and any balance thereof be borne by property passing under Paragraph Fourth (A). This apparently was the construction adopted by the Internal Revenue Service.

Under the executors' present view, Paragraph Eleventh is a clear expression by the testator that federal estate tax and other taxes are to be paid out of the residuary estate before any division thereof, *i.e.*, before distribution to the widow under Paragraph Fourth (A) as well as prior to distribution under Paragraph Fourth (B) to the trusts established for the children.

The will also contained the following provision:

"I further direct that if the effect of any of the provisions of this my Will would be to disqualify any interest in property passing to my said wife under this Paragraph FOURTH for said marital deduction then this Will shall be construed and shall take effect in like manner as if said provision or provisions were not applicable to any such interest."

The intention of the testator is clear that, after

taxes have been paid out of the residue, the next call thereon is to grant to the widow property qualifying for the maximum marital deduction under Paragraph Fourth (A); *i.e.*, after payment of taxes, the residue is to be first applied toward the gift to the widow of one-half of the "adjusted gross estate." We understand there will not be enough to satisfy this provision and, if so, the children will receive nothing from the residue.

The wording employed by the trial judge in the decretal order is somewhat different from our statement in the preceding paragraph. However, the reasoning of and result obtained by both courts are the same.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.